1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Automotive Holdings, L.L.C., a Nevada)      No. CV-09-01843-PHX-JAT-PHX-JAT
     limited liability company,             )
10                                          )    **ORDER**
                        Plaintiff,          )
11                                          )
     vs.                                    )
12                                          )
                                            )
13   Phoenix   Corners   Portfolio,  L.L.C.,  a)
     Delaware limited liability company; John)
14   and Jane Does I-V; ABC Corporations I-)
     V; ABC Partnerships I-V; ABC Limited)
15   Liability Companies I-V,               )
                                            )
16                      Defendants.         )
                                            )
17   _____)

18

19   **BACKGROUND:**

20          Pending before the Court is Defendant's Motion to Dismiss. (Doc. #7). Plaintiff has

21   filed a Response and Opposition to Defendant's Motion to Dismiss (Doc. #11); Defendant

22   has filed its Reply (Doc. #15). Plaintiff has also filed a Motion for Leave to File Surreply.

23   (Doc. #17) For the following reasons the Motion to Dismiss is DENIED in part and

24   GRANTED in part.

25   **LEGAL STANDARD:**

26          To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

27   requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and

28   plain statement of the claim showing that the pleader is entitled to relief," so that the

defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1202, pp. 94, 95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true

a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

Plaintiff alleges five counts in its First Amended Complaint: Breach of Contract; Fraud; Negligent Misrepresentation; Rescission; and a Breach of the Duty of Good Faith and Fair Dealing. (Doc. #1-1). All five counts arise from the same nexus of alleged facts. In deciding a motion to dismiss, the Court assumes all well-pleaded facts to be correct. *Schwarz,* 234 F.3d at 435. The following represents that factual background, as pleaded in the amended complaint. Plaintiff purchased commercial property from Defendant in April 2006. Prior to the close of Escrow, Defendant was obligated under the terms of the purchase agreement to disclose all communication between Defendant and the current tenants of the commercial property. In addition, Plaintiff specifically requested the disclosure of all emails between Defendant and its current and future tenants. (Doc. #1; Exhibit B). Defendant did not comply with this requirement and withheld communications from the tenants; the most significant of which was a series of communications where Pro Medical, a tenant with a five-year lease commencing in 2007, informed Defendant that its company was experiencing financial difficulties. In these communications, Pro Medical explained that it would likely close the store or declare bankruptcy. Shortly after the close of escrow, Plaintiff learned of Pro Medical's financial difficulties as well as the communications with Defendant. By July, Pro Medical had shut down its store, ceased paying rent, and vacated the property. Plaintiff alleges that had it received the required communications, then it would not have purchased the property.

Significantly, section 19 of the purchase contract is a choice of law provision that requires the contract to be governed, construed, and enforced in accordance with Arizona law. Neither party argues that this provision does not control, therefore the Court views Plaintiff's claims through the lens of Arizona's substantive law.

**COUNT 1 Breach of Contract**:

Defendant first contends that Plaintiff delayed too long in asserting its claim for Breach of Contract. Plaintiff initially brought this lawsuit in June 2009, more than one year after learning of the undisclosed communications. In support of its argument, Defendant points to a portion of the purchase agreement that states the "covenants, representations and warranties of Buyer and Seller . . . shall survive"[1] to one year following the end of escrow. Plaintiff filed its complaint seven days after the close of this one-year period. Defendant in its reply identifies how other courts have identified similar language as contractual agreements to shorten the period in which claims can be brought. *See e.g.*, *State St. Bank v. Denman Tire*, 240 F.3d 83, 87 (1st Cir. 2001) (statute of limitations can be shortened when applying Illinois law); *TakeCare*, *Inc. v. Lincoln Nat'l. Corp.*, 1995 U.S. Dist. LEXIS 21721 *22 (C.D. Cal., Dec. 18, 1995) (similar language limited an indemnification agreement's window of application).

In its Response, Plaintiff argues that the correct calculation should be based on Arizona's statute of limitations for breach of contract. A.R.S. § 12-548 (requiring filing within six years). In some areas, Arizona law permits parties to bargain to shorten the period of the statute of limitations; for insurance contracts this right is expressly provided by statute. *Zuckerman v. Tansamerica Ins. Co.*, 650 P.2d 441, 445 n.5 (Ariz. 1982); A.R.S. § 20-1115(A)(3). Neither party cites authority suggesting that Arizona courts recognize a reduction of the statute of limitations for contractual disputes outside of the context of insurance. Although, recognized in other states such as California and Illinois, it is not clear that Arizona law generally permits the shortening of statute of limitations by contract when not explicitly authorized by statute.

---

[1] The language is contained in section 29 of the agreement and is entitled "Survival of Covenants." The full language states "[t]he covenants, representations and warranties of Buyer and Seller set forth in this agreement shall survive the recordation of the Deed and the Close of Escrow for a period of one year and shall not be deemed merged into the Deed upon its recordation."(Doc. #1 Ex. A)

Even if shortening is permissible, it would not apply here. Although Arizona courts recognize a statute of limitations defense they do not favor it; if a provision can reasonably be interpreted in more than one manner, deference should be given to the interpretation with the longer statute of limitations. *Physical Therapy Assoc., Inc. v. Pinal County*, 743 P.2d 1, 3 (Ariz. Ct. App. 1987). The Ninth Circuit has provided guidance that in jurisdictions that do not favor statute of limitations modifications, clauses that seek to limit the statute of limitations must be strictly construed against the party invoking the limitation. *W. Filter Corp. v. Argan, Inc.*, 540 F.3d 947, 953 (9th Cir. 2008). Provisions seeking to reduce the statute of limitations must be both clear and unambiguous, and contain specific language reducing the statute of limitations. *Id.* at 954.[2] Here, the language contained is clear and unambiguous. However, it does not expressly limit the statute of limitations to a period of one year. Even if such an interpretation was intended by the parties, the lack of specific language shortening the statute of limitations does not allow the Court to "read-in" Defendant's interpretation. Accordingly, the Court determines that the survival statute only limited the time when a breach of the representations may have occurred, not the period of time in which Plaintiff was required to file suit.

Defendant's next argument is that the disclosure of information was not required under the terms of the agreement. Plaintiff points to section 31(vii) of the lease which requires the disclosure of "material adverse facts or conditions relating to the Property," and Section 7(a)(i) which required Defendant to provide all "information relevant to [Plaintiff's] evaluation of the property." Defendant argues that the statements made by Pro Medical do not constitute "facts" but rather are speculative opinions that it was not required to disclose.

---

[2] The language construed in *Western Filter* read in pertinent part: "[t]he representations and warranties of [Western Filter] and [Argan] in this Agreement shall survive the Closing for a period of one year, except the representations and warranties contained in Section 3.1(a), (b), (c), and (f) and 3.2(a) and (b) shall survive indefinitely." 540 F.3d at 949. The court construed this language to mean "that the one-year limitation serves only to specify when a breach of the representations and warranties may occur, but *not* when an action must be filed." *Id.* at 954 (emphasis added).

Whether the statements were required to be disclosed because of their unreliability is an open question. However, for purposes of this Motion, the Court is convinced that construed in the light most favorable to the Plaintiff, these statements contained information which would have been relevant to Plaintiff's evaluation of the property.

Finally, Defendant argues that the presence of an "AS-IS" provision eliminated Plaintiff's ability to rely on Defendant's representations. "A buyer is not bound to purchase something 'as is' that he is induced to make because of a fraudulent representation or concealment of information by the seller." *S. Dev. Co. v. Pima Capital Mgmt Co.*, 31 P.3d 123, 128 (Ariz. Ct. App. 2001) (quoting *Prudential Ins. Co. of Am. v. Jefferson Assocs.*, 896 S.W.2d 156, 162 (Tex. 1995)). Affirmative representations often reflect the "heart" of the transaction. *Wagner v. Rao*, 885 P.2d 174, 177 (Ariz. Ct. App. 1994). Here, Plaintiff alleges that fraud played a role in the execution of the contract allowing the claim to survive a motion to dismiss. In addition, the language of the AS-IS provision limits the representations and warranties to those not contained in the agreement. Plaintiffs argument, if accepted as true, would have required disclosure under the express terms of the contract. The presence of the AS-IS provision does not relieve that obligation. Accordingly, Plaintiff has stated a claim upon which relief can be granted for breach of contract.

**COUNT 2 Fraud:**

A claim for fraud has nine elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon, and (9) his consequent and proximate injury." *Wagner v. Casteel*, 663 P.2d 1020, 1022 (Ariz. Ct. App. 1983). Defendant first argues that Plaintiff has failed to plead with the requisite particularity. The response identifies statements in the amended complaint that correspond with each of the nine *Wagner* elements. (Response at 10-11). The Court finds that the amended complaint was plead with sufficient particularity to establish each of the nine elements when taken as true.

Defendant's next argument in the Motion to Dismiss is that "as a general rule, in order to constitute actionable fraud the false representation must relate to a matter of fact, and such fact must be one which exists in the present or which has existed in the past." *Sorrells v. Clifford*, 204 P. 1013, 1015 (Ariz. 1922). Plaintiff alleges in part that Defendant informed Plaintiff that it had disclosed all communications in its possession. (Amend. Compl. ¶ 15). Taken as true, this constitutes a present representation that was both false, and material. Moreover, Defendant misconstrues the nature of opinion statements forming the basis for fraud. Regardless of Defendant's belief that Pro Medical's statement was not reliable or that the statement represented only potential future action, Pro Medical's communication to Defendant constituted a fact.[3] Had Defendant disclosed the communication and given its *opinion* regarding the possibility Pro Medical would not vacate their lease, Defendant's opinion would not be actionable. However, a complete non-disclosure is sufficient to establish a case for fraud. *See Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 34 n.22 (Ariz. 2002). Accordingly, Plaintiff has plead a representation sufficient for surviving the motion to dismiss.

Defendant's next argument is that Plaintiff had the opportunity to conduct its own independent investigation. Defendant relies on *Spudnuts, Inc. v. Lane*, contending that this independent investigation removed Plaintiff's ability to rely on Defendant's representations. 641 P.2d 912 (Ariz. Ct. App. 1982) (holding that when parties are on equal footing and capable of conducting their own investigation, the presumption is that a party will rely on their own judgment rather than statements of another). Plaintiff conversely contends that it was not obligated to independently investigate Defendant's express representations. Arizona recognizes that an independent investigation does not excuse a fraudulent representation if

---

[3]The comments to the Restatement of Contracts provides guidance here. "[T]hough fact and opinion are often contrasted, an opinion is a fact and a statement of opinion is a statement of fact, namely that the person making the statement holds that opinion." RESTATEMENT (FIRST) OF CONTRACTS § 474 (1932). It continues, "Such a fact, however, is not treated in all respects like other facts, since a misrepresentation regarding opinion is fraudulent or material only in the cases stated in the Section." *Id.*

statements are "not open to both to make examination and inquires or fair investigation is prevented or there is an inducement not to make investigation." *Springer v. Bank of Douglas*, 313 P.2d 399, 401-02 (Ariz. 1957). In the amended complaint, Plaintiff argues "Pro-Medical's financial struggle and intention to close down the leased location at the property rendered the information that was provided by Phoenix Closing misleading." (Amend. Compl. ¶ 34). Accepting this argument, in addition to Plaintiff's assertion that they were not required to investigate or were induced not to conduct an investigation because of the misrepresentation (Response at 13:14), is sufficient to state a claim upon which relief may be granted.

**COUNT 3 Negligent Misrepresentation:**

Defendant's next argument is that opinions and promises of future conduct cannot form the basis for a negligent misrepresentation claim. In support, Defendant cites *Vint v. Element Payment Services, inc.*, 2009 U.S. Dist. LEXIS 51341 *17 (D. Ariz., Jun. 18, 2009) and *McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992) (both holding that statements of opinion regarding future conduct cannot constitute negligent misrepresentation. Plaintiff does not provide any cases for support, but incorporates its arguments from the portion dealing with fraud.

Arizona has adopted § 552 of the Restatement (Second) of Torts which provides a cause of action for negligent misrepresentation. *See Sage*, 209 P.3d 169, 171 (Ariz. Ct. App. 2009) ("One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."). Defendant appears to misconstrue Plaintiff's allegation of negligent misrepresentation. Plaintiff requested as seller's documents all communications between Defendant and its current and prior tenants. (Doc. #1, Exhibit B). Defendant stated that it did not possess "all of the email communication between tenants and past tenants." (Doc. #1, Exhibit C). Defendant then stated they had turned over all the "due diligence they had to provide." (Doc.

#1, Exhibit C). Plaintiff contends that this statement was materially false and neglected to include a disclosure that one tenant was planning to either file for bankruptcy or prematurely terminate its lease. This statement represented neither a future promise, nor an opinion, it is a affirmation that Defendant had disclosed all documents within their possession. Taken at face value, this representation if negligently communicated can provide a claim upon which relief may be granted.

**COUNT 4 Rescission:**

Defendant argues that rescission is an equitable remedy, not an independent cause of action and that Defendant waited too long before asserting its claim for rescission. The Court sidesteps the first argument because dismissal is warranted on the second.

Contracts must be rescinded within a reasonable time. *Mahurin v. Schmeck*, 390 P.2d 576, 580 (Ariz. 1964). A party failing to rescind a contract waives their grounds for rescission if they continue to treat a property as their own despite having knowledge of the grounds for rescission. *Smith v. Hurley*, 589 P.2d 38, 43 (Ariz. Ct. App. 1978) Normally a question of reasonableness is a question for a jury, however, if the facts permit only one reasonable inference then the decision can be made as a matter of law. *Jones v. CPR Div., Upjohn Co*, 584 P.2d 611, 615 (Ariz. Ct. App. 1978). In the consumer context, rescission must occur prior to a material change in the property not caused by the alleged defect. *Preston Motor Co., Inc. v. Palomares*, 650 P.2d 1227, 1232 (Ariz. Ct. App. 1982) (holding that failing to rescind a contractual sale on an automobile suffering from performance issues was barred by the vehicle being in an unrelated accident).

Here, Plaintiff learned of the failure to disclose Pro Medical's statements on May 29, 2008. It delayed filing its complaint for more than one year, ultimately filing on June 5, 2009. Plaintiff offers no explanation for this lengthy delay. The Court determines that without explanation, this was not a reasonable period of time. In addition, rescission is inappropriate as the conditions of the underlying property have materially changed for reasons unrelated to the non-disclosure. Defendant identifies that a second "anchor tenant," Washington Mutual, has also left the rental complex. Plaintiff does not allege that this second vacancy

is related to the initial non-disclosure. As Plaintiff delayed its rescission for more than one year, and cannot return the property in a manner similar to its original condition, its claim for rescission fails.

**COUNT 5 Breach of Covenant of Good Faith and Fair Dealing:**

Defendant finally argues that the Claims based on Arizona's implied covenant of good faith and fair dealing does not apply. Defendant alleges that Plaintiff does not articulate a reason, outside of the contract, that would require the disclosure of Pro Medical's statements. In Arizona, a covenant of good faith and fair dealing is implied in every contract. *Bike Fashion World v. Kramer*, 46 P.3d 431, 434 (Ariz. Ct. App. 2002). The covenant exists to ensure that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986).

Plaintiff argues that this final count is pled in the alternative. In the event that Defendant was not obligated to disclose these statements under the express contractual terms, it was still obligated under the implied covenant. Plaintiff advances a credible argument to support this contention, that a reasonable buyer would expect to receive these documents. By failing to provide the disclosure, Defendant exercised its discretion to not supply a disclosure typically expected as a seller's document. Accepted as true, this constitutes a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that, the Motion to Dismiss (Doc. #7) is GRANTED with respect to COUNT IV (Rescission) and DENIED with respect to COUNTS I-III (Breach of Contract, Fraud, Negligent Misrepresentation) and COUNT V (Breach of Duty of Good Faith and Fair Dealing).

**IT IS FURTHER ORDERED** that, the Motion for Leave to File Surreply is DENIED.

///

1      **IT IS FINALLY ORDERED** that, the Clerk of the Court should enter judgment

2 accordingly.

3      DATED this 4th day of May, 2010.

4

5

6                         James A. Teilborg

7                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28